**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| DELFINO MONDRAGON,            ) | |
|                                                          ) | |
|                     Petitioner,      ) | |
| v.                                                    ) | No. 1:07-cv-1138-DFH-JMS |
|                                                          ) | |
| STANLEY KNIGHT, Superintendent ) | |
|                                                          ) | |
|                    Respondent.     ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

Having considered the pleadings and the expanded record in this action for a writ of habeas corpus brought by Delfino Mondragon ("Mondragon"), the court concludes that this action must be dismissed with prejudice. This conclusion is based on the following facts and circumstances:

1. Mondragon's 1999 convictions for two counts of child molesting in an Indiana state court were affirmed on appeal in *Mondragon v. State,* No. 49A05-9908-CR-374 (Ind. Ct. App. February 11, 2000). Mondragon did not seek transfer to the Indiana Supreme Court. On March 22, 2001, Mondragon filed a pro se petition for post-conviction relief, which was dismissed without prejudice on March 14, 2003, upon Mondragon's motion to withdraw his petition. A second petition for post-conviction relief was filed on January 31, 2005, and denied by the trial court on September 28, 2006. The denial of post-conviction relief was affirmed on appeal in *Mondragon v. State,* No. 49A02-0605-PC-378 (Ind. Ct. App. January 18, 2007). The Indiana Supreme Court denied Mondragon's petition for transfer on March 29, 2007.

2. On September 10, 2007, Mondragon filed this action for a writ of habeas corpus. The State of Indiana, through Mondragon's custodian, has opposed the habeas petition on various grounds, including that it was not timely filed. The court is obligated to consider this "antecedent procedural problem," see *Powell v. Davis* 415 F.3d 722, 723 (7th Cir. 2005), before proceeding further. *Anderson v. Litscher* 281 F.3d 672, 674 (7th Cir. 2002) ("Because the antecedent statutory question of timeliness under [28 U.S.C.] section 2244(d)(1)(A) is potentially dispositive in this case ( i.e., dismissal of the appellant's habeas case is required if we find that his petition was untimely filed under section 2244(d)(1)(A)), we address that issue first.")

3. Because Mondragon's habeas petition was filed after April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), governs the proper analysis. *Lindh v. Murphy,* 96 F.3d 856, 866 (7th Cir. 1996), *rev'd on other grounds,* 521 U.S. 320 (1997); *Holman v. Gilmore,* 126 F.3d 876, 880 (7th Cir. 1997), *cert. denied,* 522 U.S. 1150 (1998). "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page,* 208 F.3d 572, 573 (7th Cir.

2000). The AEDPA imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

4.  Mondragon's convictions became final, for habeas corpus purposes, on May 11, 2000, the date when the time to file a petition for a writ of certiorari expired. See *Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired); *Jones v. Hulick,* 449 F.3d 784, 787 (7th Cir. 2006); *Powell v. Davis,* 415 F.3d 722, 726 (7th Cir. 2005). This gave him one year, through May 12, 2001, in which to file a federal habeas petition.

5.  Mondragon did not file his habeas corpus action by May 12, 2001, but on September 10, 2007, 6½ years later. It is true, of course, that running of this period was tolled while any properly filed action for post-conviction relief was pending. See 28 U.S.C. § 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). It is also true that Mondragon filed an action for post-conviction relief and that such actions were pending in the Indiana state courts during the following dates:

>   from March 22, 2001, through March 14, 2003; and
>   from January 31, 2005, through March 29, 2007.

6.  At the time the first petition for post-conviction relief was filed on March 22, 2001, 315 days had elapsed toward the 1-year statute. This left 51 days of the statute remaining when that action was dismissed without prejudice on March 14, 2003. That 51 days expired on May 5, 2003. The second petition for post-conviction relief was not filed within that 51-day residual period, but 689 days after the first action for post-conviction relief was dismissed without prejudice on March 14, 2003. The time during which the second post-conviction action was pending therefore does not toll the running of the statute of limitations. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

7.  The consequence of the foregoing is that Mondragon's habeas action was not filed within the applicable statute of limitations. Because this point is dispositive here, the balance of the respondent's arguments need not be addressed. Mondragon's petition for a writ of habeas corpus is therefore denied, and judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 1/8/2008